UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MIKE IBRAHIM,   No. 2:10-cv-01312-MCE-GGH

    Plaintiff,

  v.   MEMORANDUM AND ORDER

SAXON MORTGAGE SERVICES, INC., et. al.,

    Defendants.

----oo0oo----

This action arises out of a mortgage loan transaction in which Plaintiff Mike Ibrahim ("Plaintiff") refinanced his home in February 2007.  Presently before the Court is a Motion by Defendants Saxon Mortgage Services, Inc. and Mortgage Electronic Registration Systems, Inc. ("Defendants") to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court is Defendants' Motion to Expunge Lis Pendens.  For the reasons set forth below, Defendants' Motion to Dismiss is granted and Motion to Expunge Lis Pendens is denied.

1

## BACKGROUND[1]

As indicated in the Deed of Trust, on February 5, 2007 Plaintiff entered into a loan agreement for $460,000.00, secured by property at 540 North Corral Road, Tracy, California.[2] Plaintiff later defaulted on the loan. On April 1, 2010, Defendant MERS recorded a Notice of Default. Plaintiff subsequently filed suit and recorded a lis pendens against the property on May 6, 2010.

Plaintiff alleges that the proceedings surrounding the loan agreement were tainted by fraud and that Defendants failed to comply with a host of federal and state laws including, *inter alia*, the Truth in Lending Act ("TILA"), the Home Ownership Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Credit Reporting Act ("FCRA") and the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff seeks both damages and rescission of the mortgage loan.

///
///
///
///

---

[1] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

[2] Documents not physically attached to a complaint can nonetheless be considered in ruling on a 12(b)(6) motion if the complaint refers to such documents, the documents are central to the plaintiff's claims, and there is no question regarding the authenticity of the documents. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

**STANDARD**

**A.     Motion to Dismiss under Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").
///
///
///
///

3

1  In order to "state a claim for relief that is plausible on its
2  face," <u>Aschroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting
3  <u>Twombly</u>, 550 U.S. at 570), plaintiff must plead "factual content
4  that allows the court to draw the reasonable inference that the
5  defendant is liable for the misconduct alleged."  <u>Id.</u> at 1949.
6  "The plausibility standard is not akin to a probability
7  requirement, but it asks for more than a sheer possibility that a
8  defendant has acted unlawfully."  <u>Id.</u> at 1949 (internal citation
9  and quotation omitted).

10      If the court grants a motion to dismiss a complaint, it must
11 then decide whether to grant leave to amend.  The court should
12 "freely give[]" leave to amend when there is no "undue delay, bad
13 faith[,] dilatory motive on the part of the movant,...undue
14 prejudice to the opposing party by virtue of...the amendment,
15 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); <u>Foman</u>
16 <u>v. Davis</u>, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
17 only denied when it is clear that the deficiencies of the
18 complaint cannot be cured by amendment.  <u>DeSoto v. Yellow Freight</u>
19 <u>Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

21      **B.    Motion to Expunge Lis Pendens**

23      "A lis pendens is recorded by someone asserting a real
24 property claim, to give notice that a lawsuit has been filed
25 which may, if that person prevails, affect title to possession of
26 the real property described in the notice."  <u>Federal Deposit Ins.</u>
27 <u>Corp. V. Charlton</u>, 17 Cal. App. 4th 1066, 1069 (1993) (citing
28 Cal. Code Civ. Pro. §§ 405.2, 405.4, 405.20).

4

Once filed, a lis pendens prevents the transfer of that property until the litigation is resolved or the lis pendens is expunged. BGJ Assoc., LLC v. Superior Court of Los Angeles, 75 Cal. App. 4th 952, 966-67 (1999). The lis pendens shall be expunged if the pleading on which the lis pendens is based does not contain a real property claim or the evidence fails to establish by a preponderance of evidence the probable validity of the real property claims. Orange County v. Hongkong and Shanghai Banking Corp. Ltd., 52 F.3d 821, 823-24 (9th Cir. 1995).

To constitute a "real property claim" the cause of action, if meritorious, must affect the right of possession of specific real property or affect the title to the specific real property. Cal. Code Civ. Pro. § 405.4. The "probable validity" standard means "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Id. at § 405.3.

## ANALYSIS

**A.  Motion to Dismiss under Rule 12(b)(6)**

   **1.  Plaintiff's TILA, HOEPA, and RESPA Claims are Time-Barred.**

      **a.  TILA**

Plaintiff seeks to rescind his loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1600 et. seq., and alleges that Defendant failed to provide material disclosures regarding his loan as required under TILA. Defendants argue that Plaintiff's claim for TILA violations is time-barred.

///

Under TILA, civil damages are subject to a one-year statute of limitations and claims for rescission have a three-year statute of limitations. See 15 U.S.C §§ 1640(e), 1635(f).

With respect to civil damages for Defendants' failure to provide disclosures mandated by TILA, the statute of limitations allows Plaintiff to file suit within one year from the "date of occurrence" of the alleged violation. 15 U.S.C. § 1640(e). The "date of occurrence" is the date the transaction is consummated, which in a mortgage loan case is when the Plaintiff closed on the loan. See Walker v. Washington Mutual Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003). Plaintiff's loan closed on February 5, 2007, triggering a statute of limitations for damages that expired February 5, 2008. Plaintiff, however, did not file suit until April 14, 2010, over two years after the prescribed period.

Regarding Plaintiff's claim for rescission, pursuant to TILA provisions codified at 15 U.S.C. § 1635(a), a consumer may elect to cancel their residential mortgage loan within three days of either the consummation of the transaction or delivery of required disclosures and rescission forms. If the required disclosures are not provided, then the right to cancel extends three years after the date of the loan. Plaintiff's loan closed on February 5, 2007. His right to rescind, therefore, expired on February 5, 2010. Once again, Plaintiff's claim is time-barred.

Defendants' Motion to Dismiss Plaintiff's TILA claim is granted.

///
///
///

### b. HOEPA

Plaintiff also seeks damages and rescission of his loan under the Home Ownership Equity Protection Act ("HOEPA"), an amendment to TILA codified at 15 U.S.C. § 1639. He claims Defendants failed to provide additional disclosures required by HOEPA, which "creates a special class of regulated loans that are made at higher interest rates or with excessive costs and fees." See In re Community Bank of Northern Va., 418 F.3d 277, 304 (3d Cir. 2005). Defendants argue that Plaintiff's Complaint is barred by HOEPA's one-year statute of limitations. See 15 U.S.C. § 1640(e). The limitations period runs from "the date of the consummation of the transaction," King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986), which in this case is the signing of the loan documents. The loan was consummated on February 5, 2007, and Plaintiff did not file his Complaint until April 14, 2010, well outside the statute of limitations. His claim under HOEPA is therefore time-barred. Defendants' Motion to Dismiss Plaintiff's HOEPA claim is granted.

### c. RESPA

Plaintiff contends that Defendants violated RESPA by failing to disclose yield spread premiums as required by guidelines codified at 12 U.S.C. § 2607. Defendants argue, however, that the statute of limitations has run on this claim as well.

///
///

Because RESPA mandates a one-year statute of limitations on claims arising under § 2607, <u>see</u> 12 U.S.C. § 2614, Plaintiff's claim should have been filed by February 5, 2008, a year after his loan closed. Plaintiff did not file until April 14, 2010; his RESPA claim under § 2607 is time-barred. Defendants' Motion to Dismiss Plaintiff's RESPA claim is granted.

### 2. Plaintiff's FCRA and RICO Claims Do Not Meet Pleading Standards

Finally, Plaintiff's remaining two federal claims, arising under the Fair Credit Reporting Act ("FCRA") and the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), do not meet federal pleading standards. The FCRA creates a duty "to provide accurate information," 15 U.S.C. § 1681(s-2)(a). Plaintiff alleges that Defendants "illegally reported negative information" but does not allege that the information was inaccurate. Furthermore, Plaintiff fails to allege any facts in support of his claim, and does not even recite the bare elements of an FCRA cause of action.

Plaintiff's RICO claim is similarly deficient. Plaintiff makes only conclusory statements in his Complaint and does not plead with particularity the elements of his claim. Plaintiff states that Defendants' conduct constitutes an "enterprise" with the aim of perpetrating a fraud on Defendant. However Plaintiff fails to allege exactly what fraud occurred, what actions achieved this fraud, or exactly what parties were involved.

Accordingly, Defendants' Motion to Dismiss Plaintiff's FCRA and RICO claims is granted.

### 3. Plaintiff's Remaining Causes of Action

Having failed to successfully allege a federal claim, with only Plaintiff's state law claims remaining, this Court ceases to have subject matter jurisdiction over the suit. The Court declines to exercise its supplemental jurisdiction over the remaining state causes of action and they are dismissed without prejudice.

### B. Motion to Expunge Lis Pendens

A recorded lis pendens may only be expunged if the pleading on which the lis pendens is based does not contain a real property claim, or if the evidence fails to establish the probable validity of the real property claims. Orange Cnty., 52 F.3d at 823-24. Plaintiff's claims under TILA, HOEPA, RESPA, and for Fraud and Quiet Title are causes of action which might constitute "real property claim[s]", as their validity may affect the right of possession or title to the property.

The Court finds that at the motion to dismiss stage, when Plaintiff's allegations of fact must be accepted as true, it is not yet possible to make a finding by a preponderance of the evidence that Plaintiff's real property claims are probably valid or not. Regardless of whether these claims are ultimately meritorious, there is an action currently pending which might affect title to the real property.

///

///

1  A lis pendens, being a "notice of pending action", is primarily
2  there as a signal to the world that a suit has been filed
3  regarding the property so that there will not be a bona fide
4  purchaser for value without notice.  A ruling that would expunge
5  such notification necessarily requires further litigation than
6  has presently transpired.
7       Accordingly, Defendants' Motion to Expunge Lis Pendens is
8  denied without prejudice.  Defendant is free to re-file said
9  motion as circumstances merit.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 12) is GRANTED with leave to amend.  Defendants' Motion to Expunge Lis Pendens (ECF No. 13) is DENIED.[3]

Plaintiff may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: August 20, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230 (g).

10